**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4536**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LERONE RODRIQUEZ MARTIN, a/k/a Rocky,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson. J. Michelle Childs, District Judge. (8:12-cr-00949-JMC-11)

Submitted: February 12, 2015        Decided: February 18, 2015

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lerone Rodriquez Martin pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine. The court imposed a 70-month sentence. Martin's counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but questioning whether the district court adequately explained the reasoning for the sentence imposed. Martin filed a pro se supplemental brief, asking this court to review the record for any meritorious issue. Concluding that the district court did not err, we affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, the court examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. A district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. United States v. Carter,

2

564 F.3d 325, 330 (4th Cir. 2009). We review for abuse of discretion an argument that the district court failed to explain the sentence. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010).

The district court appropriately computed Martin's advisory Guidelines range as 70 to 87 months. The court noted Martin's prior offenses for similar conduct, and noted that, despite his education and opportunities, Martin committed the instant offense. In light of Martin's minor role in the conspiracy, the district court sentenced him at the low end of the Guidelines range. We find that the court adequately explained its reasons for the sentence imposed and the 70-month sentence is not unreasonable and not an abuse of discretion. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying an appellate presumption of reasonableness to a sentence imposed within a properly calculated advisory Guidelines range); see also Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Martin's conviction and sentence. This court requires that counsel inform Martin, in writing, of the right to petition the Supreme Court of the United States for

3

further review. If Martin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Martin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED